UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Denio Del Caro,

        Plaintiff,

v.

Wells Fargo Mortgage, a wholly-owned
subsidiary of Wells Fargo Bank, N.A.; and
Federal National Mortgage Association, a
government-sponsored private corporation,

        Defendants.

ORDER
Civil No. 11-2728  ADM/LIB

_____

Ronan R. Blaschko, Esq., and Aaron Kreuter, Esq., Blaschko & Associates Law Firm, PLLC, St. Paul, MN on behalf of Plaintiff.

Trista M. Roy, Esq., and D. Charles Macdonald, Esq., Faegre Baker Daniels LLP, Minneapolis, MN on behalf of Defendants.

_____

      On January 30, 2012, the undersigned United States District Judge heard oral argument on Defendants Wells Fargo Mortgage ("Wells Fargo") and Federal National Mortgage Association's ("Fannie Mae") Motion to Rescind and Set Aside Foreclosure Sale [Docket No. 5].

      This case concerns real property located at 219 North Cloquet Road, Esko, Minnesota, and legally described as: Southwest Quarter of Southeast Quarter of Southwest Quarter of Southwest Quarter (SW 1/4 of SE 1/4 of SW 1/4 of SW 1/4), Section Twelve (12), Township Forty-Nine (49), Range Sixteen (16), Carlton County, Minnesota (the "Property").  Notice of Removal [Docket No. 1], Ex. A ("Compl.") ¶¶ 4 5.  Plaintiff Denio Del Caro ("Del Caro") mortgaged the Property to Wells Fargo as collateral for money he borrowed to purchase the property.  Id. ¶ 6.  After Del Caro fell behind on his mortgage payments, Wells Fargo held a foreclosure sale of the Property on November

23, 2010.  Id. ¶ 9; see also Aff. of Trista M. Roy [Docket No. 8] ("Roy Aff.") Ex. D.  However, on November 5, 2010, Del Caro had recorded with the Office of the Carlton County Recorder an Affidavit of Postponement.  Roy. Aff. Ex. A; see also Compl. ¶ 9.

At oral argument, Defendants stated the Affidavit of Postponement was in the possession of the Carlton County Sheriff, see Compl. ¶ 9 ("Plaintiff served copies of an Affidavit of Postponement . . . upon the Sherrif of Carlton County . . . ."), and that they do not wish to contest the validity of the foreclosure sale.  Therefore, the foreclosure sale is rescinded and set aside.  The issue of damages is reserved.

Based upon all the files, records, and proceedings herein and for the reasons stated on the record at the conclusion of oral argument, **IT IS HEREBY ORDERED**:

1. Defendants' Motion to Rescind and Set Aside Foreclosure Sale [Docket No. 5] is **GRANTED**;

2. The foreclosure sale of the Property, evidenced by Sheriff's Certificate of Sale and Foreclosure Record, dated November 23, 2010, and recorded as document number A000434382 with the Office of the County Recorder, Carlton, Minnesota, is hereby rescinded and set aside;

3. The rescission and setting aside of the foreclosure sale as ordered herein is made without prejudice to any future rights of Wells Fargo to foreclose as contemplated by the parties; and

4. The issue of damages in this action is reserved.

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: January 30, 2012.